**CT Corporation**

**Service of Process Transmittal**
04/10/2020
CT Log Number 537520088

**TO:**  Wendy Dickenson
GRANGE INSURANCE COMPANY
671 S High St
Columbus, OH 43206-1049

**RE:**  **Process Served in Minnesota**

**FOR:**  INTEGRITY MUTUAL INSURANCE COMPANY (Former Name) (Domestic State: OH)
Integrity Insurance Company (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RE: Woodbury Lodging, LLC, etc., Pltf. // To: Integrity Mutual Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # None Specified |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Inc, Saint Paul, MN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/10/2020 at 10:23 |
| **JURISDICTION SERVED :** | Minnesota |
| **APPEARANCE OR ANSWER DUE:** | - |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/10/2020, Expected Purge Date: 04/15/2020<br><br>Image SOP<br><br>Email Notification, Wendy Dickenson  dickensonw@grangeinsurance.com<br><br>Email Notification, Kessa Luten  lutenk@grangeinsurance.com<br><br>Email Notification, Angie White  whitea@grangeinsurance.com<br><br>Email Notification, Pam Hesson  hessonp@grangeinsurance.com |
| **SIGNED:**<br>**ADDRESS:** | CT Corporation System, Inc<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

Page 1 of  1 / SK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT

tabbies®

1

STATE OF MINNESOTA                                    DISTRICT COURT

NOBLES COUNTY                                    FIFTH JUDICIAL DISTRICT

                                                Type of Case: Insurance
Woodbury Lodging, LLC                           Court File No.:
*DBA* Norwood Inn & Suites

                        . Plaintiff,

                                                        **SUMMONS**

vs.

Integrity Mutual Insurance Company,

                        Defendant.

_____

**This Summons is directed to the above-named defendant and its attorney: Integrity Mutual Insurance Company, 2121 East Capitol Drive, Appleton, Wisconsin 54912; P.O. Box 539, Appleton, Wisconsin 54912-0539.**

1.      YOU ARE BEING SUED. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons and will be filed in the office of the Court Administrator of the above-named Court. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Amended Summons.

2.      YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS. You must give or mail to the person who signed this Summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

                        Kenneth Udoibok
                        The Flour Exchange Building
                 310 Fourth Avenue South, Suite 5010  .
                        Minneapolis, Minnesota 55415
                        Phone: 612-808-6031

3.      YOU MUST RESPOND TO EACH CLAIM.  The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**EXHIBIT**

**2**

4.  YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS. If you do not answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5.  LEGAL ASSISTANCE. You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6.  ALTERNATIVE DISPUTE RESOLUTION. The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

7.  THIS LAWSUIT MAY AFFECT OR BRING INTO QUESTION TITLE TO REAL PROPERTY:

**KENNETH UBONG UDOIBOK, P.A.**

Date: April 2, 2020                    /s/Kenneth U. Udoibok
                                       Kenneth U. Udoibok (#262523)
                                       The Flour Exchange, Suite 5010
                                       310 Fourth Avenue South
                                       Minneapolis, MN 55415
                                       Phone: 612-808-6031
                                       Fax: 612-808-6031
                                       K@KenUlaw.com

**ATTORNEY FOR PLAINTIFF**

STATE OF MINNESOTA
NOBLES COUNTY

DISTRICT COURT
FIFTH JUDICIAL DISTRICT

Type of Case: Insurance
Court File No.:

Woodbury Lodging, LLC.,
*DBA* Norwood Inn & Suites,

Plaintiff,

vs.

**COMPLAINT**

Integrity Mutual Insurance Company,

Defendant.

1.      Plaintiff Woodbury Lodging, LLC., *DBA* Norwood Inn & Suites

(hereinafter "Plaintiff") for its causes of action against Defendant Integrity Mutual

Insurance Company (hereinafter "Defendant") states and allege as follows:

**I.
PARTIES**

2.      Plaintiff is a Minnesota corporation with its principal place of business

located in Nobles County, 2015 North Humiston Avenue, Worthington, Minnesota

56187-9769.

3.      Upon information and belief, Defendant is a corporation organized and

existing under the laws of the State of Ohio, NAIC ID: 14303 as well as the State of

Wisconsin.

4.      Defendant conducts business in the State of Minnesota as Integrity Mutual

Insurance Company or Integrity Insurance Company.  But, Defendant markets itself to

the public that its headquarters is located at 2121 East Capitol Drive, Appleton,

Wisconsin 54912 with a mailing address of P. O. Box 539, Appleton, Wisconsin 54912-

1

0539.

5.     Defendant availed itself to the laws of the State of Minnesota when it sold insurance products to Minnesota citizens such as Plaintiff. Accordingly, Defendant is subject to the jurisdiction of this Court.

## II.
## FACTUAL BACKGROUND

5.     Plaintiff brings this action pursuant to an insurance contract with Defendant for insurance coverage relating to losses caused by weight of ice, snow and hail storms that occurred at its property on April 23, 2019 and July 4, 2018. Nonetheless, Defendant took a categorical approach to denying Plaintiff's claims without justifiable reasons. Defendant's actions have caused Plaintiff and its property significant damage.

### A.     *Defendant failed to provide insurance coverage for Plaintiff's Loss*

6.     Pursuant to Plaintiff's insurance policy with Defendant, claim numbers ZBZ003070962, ZBZ003102259 and policy number BP271.*Red acted*, Defendant was expected to provide insurance coverage for losses caused by hail, snow and weights of ice on Plaintiff's property.

7.     Pursuant to the insurance policy, Plaintiff agreed to pay, and in fact paid its insurance premium to effect insurance coverage on the property for all damages covered under the policy.

8.     The policy provided insurance coverage to Plaintiff for the property at the time of the loss.

2

9.      The insurance policy provided to Plaintiff was underwritten, marketed, sold and issued by Defendant who acted by, or through, and/or in conjunction with its agents throughout the State of Minnesota.

10.     In selling the insurance policy and subsequently collecting premiums under the policy, Defendant expressly and/or impliedly represented to Plaintiff that it would provide full and comprehensive coverage for the loss or damage to the property caused by snow, weight of ice and hail.

**B.      *Claim Number ZBZ003070962:  Defendant denied coverage for the April 23, 2019 property damage caused by excessive weight of ice and snow that fell on Plaintiff's property.***

11.     Plaintiff's property suffered significant losses that were caused by excessive weight of ice and snow that fell on Plaintiff's property on April 23, 2019. Said weight of ice and snow also caused business interruption of Plaintiff's business. Furthermore, the weight of ice and snow caused internal damaged to Plaintiff's property. Defendant's delay and denial of Plaintiff's justifiable claims of loss have contributed to significant damage to Plaintiff's business and property.

12.     Because of said damages caused by the weight of ice and snow, Plaintiff on May 10, 2019 through its public adjusting firm DTL Global, LLC., (hereinafter "DTL") communicated to Defendant regarding Plaintiff's loss. As required by the insurance policy, DTL, on behalf of Plaintiff, provided Defendant with a detailed estimate of Plaintiff's loss.

13.     Instead of adjusting Plaintiff's claim, on June 18, 2019, Defendant sent Roofing Consultants, Ltd., to inspect Plaintiff property and its roof system.  On June

3

25, 2019 and without adequate review, Defendant denied Plaintiff's insurance claim.

14. Upon information and belief, Defendant was unfair in its review of Plaintiff's loss claim. Through DTL, Plaintiff responded to Defendant's denial of coverage for Plaintiff's loss. To further convince Defendant to cover Plaintiff's loss, on January 13, 2020, DTL strongly questioned the validity of Roofing Consultants' report. Without enough consideration, on January 21, 2020, Defendant reaffirmed its denial of coverage for Plaintiff's April 23, 2019 property damage.

C. **Claim Number ZBZ003102259: Defendant denied Plaintiff's July 4, 2018 property damage caused by hail storm on Plaintiff's property.**

15. On July 4, 2018, Plaintiff's property suffered damages caused by hail storm. Through DTL, on August 5, 2019, Defendant was notified of its representation of Plaintiff in the processing of Plaintiff's insurance claims with Defendant.

16. On July 12, 2019, DTL provided Defendant with the full estimate of the loss. In response, on September 13, 2019, Defendant sent Haag Engineering Company to inspected Plaintiff's roof system.

17. On October 25, 2019, Defendant published Haag Engineering Company's report dated October 23, 2019 to Plaintiff. Simultaneously, Defendant sent an October 24, 2019 denial of coverage letter to Plaintiff.

18. Defendant's actions showed that it took a categorical denial approach to Plaintiff's claims, irrespective of the insurance coverage and nature of the losses. Denying coverage categorically seem to be Defendant's insurance adjustment

4

practice.

**D.**               *The Claims*

19.     Pursuant to the terms of the insurance policy, Plaintiff submitted claims

for such losses caused by weight of ice, snow and hail storms, claim numbers

ZBZ003102259 and ZBZ003070962 with policy numbers BP271 *Redacted*

20.     After submitting Plaintiff's claims to Defendant, Plaintiff complied with

the terms of the policy and fully cooperated with Defendant by providing Defendant

with timely proof of loss. Plaintiff provided Defendant with any and all available

records in its possession. However, Defendant resorted to taking a categorical denial

approach to all of Plaintiff's claims of loss.

**E.**               *Proof of Loss*

21.     The proof of loss for Plaintiff's claims included materials, supplies,

labor, and equipment needed to restore Plaintiff's damaged property attributable to

the weight of ice, snow and hail storms. All the repair work are expected to be

accomplished pursuant to governmental codes and permits totaling over $469,000 for

the April 23, 2020 loss. The proof of loss for the July 4, 2018's loss amounts to

$874,081.37.

**F.**               *Categorical denial of Plaintiff's claims*

22.     Ample basis existed in the insurance policy that should have compelled

Defendant to extend insurance coverage for Plaintiff's losses. But, Defendant denied

coverage for Plaintiff's losses. Defendant's actions showed the uselessness of its

insurance policy as it related to Plaintiff.

5

### III.
### FIRST CAUSE OF ACTION
(Declaratory Judgment)

Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs and further state and allege as follows:

23.     That Plaintiff and Defendant entered into a written contract for insurance coverage.

24.     That pursuant to the insurance policy's provisions, Defendant had a duty to provide Plaintiff with insurance coverage for damages to Plaintiff's property arising from weight of ice, snow and hail storm.

25.     That on or about April 23, 2019 and July 4, 2018, Plaintiff's property suffered damage arising from weight of ice, snow and hail storms.

26.     That Defendant denied Plaintiff's damage claims.

27.     That pursuant to Minn. Stat. § 555.01 *et seq.*, (Minnesota's Uniform Declaratory Judgments Act"), the Court in the above-captioned matter has the power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed, arising from the written contract of insurance between the parties.

28.     That per the terms and conditions of the insurance policy, Plaintiff is entitled to insurance coverage for damage to Plaintiff's property arising from weight of ice, snow and hail storms.

29.     That Plaintiff is entitled to the prompt payment of the amount of loss upon receipt of such determination by Defendant.

30.     That Defendant bears the burden of proof regarding the applicability of

6

any exclusion of coverage and it cannot meet such burden.

31.     That Plaintiff seeks a declaration from this Court that the policy
provides Plaintiff with insurance coverage for the claims and that Plaintiff is entitled
to prompt payment for losses as submitted per the insurance policy.

## SECOND CAUSE OF ACTION
(Defendant Breach of Contract)

Plaintiff realleges and incorporates by reference the allegations contained in all
preceding paragraphs and further state and allege as follows:

32.     That Plaintiff entered into a written contract for insurance coverage with
Defendant.

33.     That pursuant to the policy's provisions, Defendant had a duty to
provide Plaintiff with insurance coverage for the loss to its property arising from the
weight of ice, snow and hail storm.

34.     That on or about April 23, 2019 and July 4, 2018, Plaintiff's property
suffered losses arising from weight of ice, snow and hail storms.

35.     That Plaintiff timely filed the claims of loss under the insurance policy.

36.     That despite Plaintiff's cooperation with Defendant's investigation and
compliance with the terms and conditions of the insurance policy, Defendant failed
to provide Plaintiff with insurance coverage and benefits as contracted for under the
policy.

37.     That Defendant's denial of Plaintiff's insurance coverage lacked a
reasonable basis.

7

38.     That Defendant knew that it acted in reckless disregard of its policy and
that it lacked reasonable basis for its denial of Plaintiff's loss claims. In effect, its
decision was arbitrary and in bad faith.

39.     That Defendant's arbitrary claim evaluation process and the lack of
proper adjustment of Plaintiff's loss claims, made any storm insurance coverage
purportedly provided under the policy merely illusory.

39.     That Defendant breached the insurance contract that it entered with
Plaintiff.

40.     As a direct and proximate result of Defendant's breach of contract,
Plaintiff has sustained damages, including, but not limited to, the loss, which is well
in excess of $50,000.00.

### THIRD CAUSE OF ACTION
(Common Law Unjust Enrichment)

Plaintiff realleges and incorporate by reference the allegations contained in all
preceding paragraphs and further state and allege as follows:

41.     This cause of action is expressly pled in the alternative to all contract-
based claims.

42.     Defendant received a benefit from Plaintiff in the form of insurance
premiums that Plaintiff paid to Defendant for insurance coverage.

43.     Defendant is aware of its receipt of the above-described benefit.

44.     Defendant continues to retain the above-described benefit to the
detriment of Plaintiff.

8

45.     Under the circumstances, it would be inequitable for Defendant to retain the above-described benefit.

46.     As a result, Defendant has been unjustly enriched to the detriment of Plaintiff, and Plaintiff is thus entitled to restitution and full disgorgement of Defendant's enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful or wrongful conduct alleged above.

## IV.
## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court enter an order for the following relief:

A       Holding Defendant liable to Plaintiff for damages in excess of Fifty Thousand Dollars ($50,000.00) as allowed by appropriate laws and statutes;

B.      Awarding compensatory damages to Plaintiff against Defendant in an amount exceeding Fifty Thousand Dollars ($50,000.00);

C.      Awarding costs of this action to Plaintiff;

D.      Awarding reasonable attorney's fees were applicable to Plaintiff;

E.      Awarding statutory interests at the rate of ten percent (10%) per Minn. Stat. § 60A.0811, Subd. 2(a); Minn. Stat. §549.09, or otherwise;

F.      Leave to amend this Complaint to add additional claims provided by Minn. Stat. §§ 604.18, 549.20, or otherwise; and

G.      Awarding such other and further relief as this Court may deem appropriate.

9

**PLAINTIFF HEREBY REQUEST A TRIAL BY JURY**

**KENNETH UBONG UDOIBOK, P.A.**

April 3, 2020

/s/ Kenneth U. Udoibok
Kenneth Udoibok(#0262523)
Flour Exchange Building
310 Fourth Avenue South, Suite 5010
Minneapolis, MN 55415
Phone: (612)808-6031
k@kenulaw.com

*Attorney for the Plaintiff*

###

10

**ACKNOWLEDGMENT REQUIRED BY**
**MINNESOTA STATUTE SECTION 549.211**

Plaintiff Woodbury Lodging, LLC., *DBA* Norwood Inn & Suites, by its attorney, Kenneth Udoibok, hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party or parties pursuant to Minn. Stat. § 549.211, if the party or attorney against whom costs, disbursements, reasonable attorney and witness fees are charged acted in bad faith; asserted a claim or defense that is frivolous and that is costly to the other party; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the court.

**KENNETH UBONG UDOIBOK, P.A.**

Date: April 3, 2020

/s/Kenneth U. Udoibok
Kenneth U. Udoibok (#262523)
The Flour Exchange, Suite 5010
310 Fourth Avenue South
Minneapolis, MN 55415
Phone: 612-808-6031
Fax: 612-808-6031
K@KenUlaw.com

**ATTORNEY FOR PLAINTIFF**

11

# Office of the Minnesota Secretary of State
## Certificate of Organization

I, Mark Ritchie, Secretary of State of Minnesota, do certify that:  The following business entity has duly complied with the relevant provisions of Minnesota Statutes listed below, and is formed or authorized to do business in Minnesota on and after this date with all the powers, rights and privileges, and subject to the limitations, duties and restrictions, set forth in that chapter.

The business entity is now legally registered under the laws of Minnesota.

Name:                                     Woodbury Lodging LLC

File Number:                              655731200023

Minnesota Statutes, Chapter:              322B

This certificate has been issued on:      02/27/2013



*Mark Ritchie*

Mark Ritchie
Secretary of State
State of Minnesota

EXHIBIT
3

# Office of the Minnesota Secretary of State
## Minnesota Limited Liability Company/Articles of Organization
*Minnesota Statutes 322B*



**The individual(s) listed below who is (are each) 18 years of age or older, hereby adopt(s) the following Articles of Organization:**

ARTICLE 1 - LIMITED LIABILITY COMPANY NAME:

    **Woodbury Lodging LLC**

ARTICLE 2 - REGISTERED OFFICE and AGENT:

| Name | Address: |
|---|---|
| | **2401 Prior Ave North  Roseville MN 55113  USA** |

ARTICLE 3 - DURATION: **PERPETUAL**

ARTICLE 4 - ORGANIZERS:

| Name: | Address: |
|---|---|
| **Dinaz Pooniwala** | **2401 Prior Ave North  Roseville MN 55113  USA** |
| **Diljit Singh Khosa** | **1806 Wooddale Dr.  Woodbury MN 55125  USA** |

If you submit an attachment, it will be incorporated into this document. If the attachment conflicts with the information specifically set forth in this document, this document supersedes the data referenced in the attachment.

*By typing my name, I, the undersigned, certify that I am signing this document as the person whose signature is required, or as agent of the person(s) whose signature would be required who has authorized me to sign this document on his/her behalf, or in both capacities. I further certify that I have completed all required fields, and that the information in this document is true and correct and in compliance with the applicable chapter of Minnesota Statutes. I understand that by signing this document I am subject to the penalties of perjury as set forth in Section 609.48 as if I had signed this document under oath.*

SIGNED BY:  **Dinaz Pooniwala**

MAILING ADDRESS:  **None Provided**

EMAIL FOR OFFICIAL NOTICES:

    **percypooniwala@hotmail.com**



**Work Item 655731200023**
**Original File Number 655731200023**

STATE OF MINNESOTA
OFFICE OF THE SECRETARY OF STATE
FILED
**02/27/2013 11:59 PM**

*Mark Ritchie*

Mark Ritchie
Secretary of State

# Office of the Minnesota Secretary of State
## Limited Liability Company | Annual Renewal
*Minnesota Statutes, Section 5.34*

8862403

**Must be filed by December 31**
**Read the instructions before completing this form.**
**Current Information on File: (If changes are needed, see instructions for further details.)**

1. File Number: `655731200023`  2. Home Jurisdiction: `Minnesota`

3. Business Name: (Required) `Woodbury Lodging LLC`

4. Alternate Name used in Minnesota, if any: (Foreign Limited Liability Companies Only)

5. Registered Agent and Office Address: (Required)

`2401 Prior Ave N`  `Roseville`  `MN`  `55113`
Street Address (A PO Box by itself is not acceptable)  City  State  Zip

Agent's Name: (if applicable)

6. Principal Executive Office Address: (Required)

`2401 Prior Ave N`  `Roseville`  `MN`  `55113`
Street Address (*A PO Box by itself is not acceptable*)  City  State  Zip

7. Name and business address of manager or other person exercising the principal functions of the chief manager of the limited liability company: (Required)

`PERCY POONIWALA`
Name

`2401 Prior Ave N`  `Rosevile`  `mn`  `55113`
Street Address  City  State  Zip

**Email Address for Official Notices**

Enter an email address to which the Secretary of State can forward official notices required by law and other notices:

`percypooniwala@hotmail.com`

☐ Check here to have your email address excluded from requests for bulk data, to the extent allowed by Minnesota law.

**List a name and daytime phone number of a person who can be contacted about this form:**

`Percy Pooniwala`  `952-212-1705`
Contact Name  Phone Number

If this filing is governed under Minnesota Statutes 322B, I certify that this Limited Liability Company has not yet elected to come under Minnesota Statutes 322C in its operating agreement.

**Entities that own, lease, or have any financial interest in agricultural land or land capable of being farmed must register with the MN Dept. of Agriculture's Corporate Farm Program.**

Does this entity own, lease, or have any financial interest in agricultural land or land capable of being farmed?
Yes ☐  No ☒

**NOTICE: Failure to file this form by December 31 of this year will result in the termination or revocation of this limited liability company without further notice from the Secretary of State, pursuant to *Minnesota Statutes*, section 322 322C.0705.**

**EXHIBIT 4**



**Work Item 886240300031**
**Original File Number 655731200023**

STATE OF MINNESOTA
OFFICE OF THE SECRETARY OF STATE
FILED
**05/11/2016 11:59 PM**

Steve Simon
Secretary of State



| DATE | DOCUMENT ID | DESCRIPTION | FILING | EXPED | CERT | COPY |
|------|-------------|-------------|--------|-------|------|------|
| 04/16/2018 | 201810302368 | DOMESTIC NONPROFIT CORP - ARTICLES (ARN) | 99.00 | 0.00 | 0.00 | 0.00 |

**Receipt**

This is not a bill. Please do not remit payment.

INTEGRITY MUTUAL INSURANCE COMPANY
ATTN: LAVAWN D. COLEMAN
671 SOUTH HIGH STREET
COLUMBUS, OH 43206

# STATE OF OHIO
## CERTIFICATE

### Ohio Secretary of State, Jon Husted

#### 4162555

It is hereby certified that the Secretary of State of Ohio has custody of the business records for

**INTEGRITY MUTUAL INSURANCE COMPANY**

and, that said business records show the filing and recording of:

Document(s)                                                    Document No(s):

**DOMESTIC NONPROFIT CORP - ARTICLES**          **201810302368**
             Effective Date:  07/28/1933



United States of America
State of Ohio
Office of the Secretary of State

Witness my hand and the seal of the
Secretary of State at Columbus, Ohio this
16th day of April, A.D. 2018.

*Jon Husted*

**Ohio Secretary of State**

EXHIBIT
**5**